UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. 5: 11-152-DCR |
| ) | and |
| V. ) | Civil Action No. 5: 13-7821-DCR |
| ) | |
| PHILLIP G. VICE, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant. ) | |

*** *** *** ***

By Memorandum Opinion and Order entered March 21, 2014, the Court denied Petitioner Phillip G. Vice's motion to vacate, set aside, or correct sentence filed pursuant to 28 U.S.C. § 2255. [Record No. 109] Vice unsuccessfully appealed, and the United States Supreme Court denied his petition for a writ of *certiorari*. [Record No. 120] The matter is currently pending for consideration of Vice's most recent *pro se* motion in his § 2255 action. [Record No. 126] Although titled "Defendant Request the Court to Amend & Expand the Record Pursuant to § 2255 – Rule – 7," the substance of the motion does not request an expanded record.[1] [*Id.* at p. 1] Instead, Vice "is asking for Vacation of the Sentence, Set Aside the Sentence, and Immediate Release from the BOP" based on "the Newly Discovered Evidence and records attached hereto." [*Id.*]

Before a second or successive § 2255 application is filed in a district court, the applicant must request authorization from the court of appeals. 28 U.S.C. § 2244(b)(3)(A).

---

[1] To the extent that Vice seeks leave to expand the record, Rule 7 of the Rules Governing § 2255 Cases is unavailing where, as here, the Court dismissed the petitioner's original § 2255 on March 21, 2014. [Record No. 110]

-1-

To receive this authorization, the motion must contain either newly discovered evidence sufficient to establish that no reasonable fact-finder would have found the movant guilty, or a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255(h). Because Vice's motion was filed after the Court denied his original § 2255 motion, the Court must first determine whether the current motion is actually: (i) a motion to amend his original § 2255 petition under Rule 15 of the Federal Rules of Civil Procedure; (ii) a motion for reconsideration under Rule 60(b) of the Federal Rules of Civil Procedure; or, (iii) a second motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255.

A motion to amend is not a second or successive § 2255 motion when it is filed before the adjudication of the initial § 2255 motion is complete – *i.e.*, before the petitioner has lost on the merits and exhausted his appellate remedies. *Clark v. United States*, 764 F.3d 653, 658 (6th Cir. 2014). Habeas petitions submitted during the pendency of an initial § 2255 motion – including appeals – are construed as motions to amend the initial petition under Rule 15. *Id.* (citing *Ching v. United States*, 298 F.3d 174, 176-181 (2d Cir. 2002)). That is not the case at hand. Because Vice's current motion was filed after he exhausted his appellate remedies and thus after the adjudication of his § 2255 motion was decisively complete, it is not a Rule 15 motion to amend the original petition. Accordingly, the motion is either a Rule 60(b) motion for reconsideration of the earlier petition or a second § 2255 motion on new grounds.

The Supreme Court has explained that the critical factor in determining whether a Rule 60(b) motion is actually an unauthorized second or successive habeas petition is whether the motion presents a "claim." *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005). A

"claim" in this context is "an asserted federal basis for relief" from a judgment of conviction. *Id.* When no claim is presented, there is no basis for contending that the Rule 60(b) motion should be treated like a habeas application. *Id.*

In most cases, determining whether a Rule 60(b) motion advances one or more "claims" is relatively simple, and claims include motions that seek to add a new ground for relief or contend that a subsequent change in substantive law justifies relief. *Gonzalez*, 545 U.S. at 532. A motion also brings a "claim" if it attacks the federal court's previous resolution of a claim on the merits, because "alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." *Id.* However, when a Rule 60(b) motion attacks some defect in the integrity of the federal habeas proceedings, rather than the substance of the federal court's resolution on the merits, the motion does not make a habeas claim. *Id.* A petitioner does not make a habeas claim in his Rule 60(b) motion when he merely asserts that a previous ruling that precluded a merits determination was in error – for example, a denial for failure to exhaust, procedural default, or statute-of-limitations. *Id.* at n.4.

> In his current motion, Vice makes the following argument:
>
> These records are Newly Discovered Records that was [*sic*] not made a part of my criminal case #5:11-cr-00152-DCR-CJS, and therefore violated my Due Process under the 6th-Amendment, and my Equal Protection Rights under the 14th Amendment, my Defense Counsel abandoned my case and in courage [*sic*] me to plea for a crime that the State of Kentucky Dismissed, the proof of jurisdiction as never proven; See; <u>Adams v. United States</u>, 319 U.S. 312 (1943). Now base [*sic*] on the Newly Discovered Evidence and records attached hereto, Defendant is asking for Vacation of the Sentence, Set Aside the Sentence, and Immediate Release from the BOP.

[Record No. 126]

Vice's motion does not simply request a hearing or object to the procedures used by the Court. *See Albo v. United States*, 498 Fed. App'x 490 (6th Cir. 2012). Rather, the motion directly challenges the defendant's sentence based on a new ground for relief: newly discovered evidence. The motion is therefore the equivalent of a second § 2255 motion, which must be transferred to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631 so it may determine whether Vice's claim may be presented. Accordingly, it is hereby

**ORDERED** as follows:

1. Defendant Vice's Rule 60(b) motion [Record No. 126] is **TRANSFERRED** to the Sixth Circuit Court of Appeals as a second or successive § 2255 motion pursuant to 28 U.S.C. § 1631 and Rule 9 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

2. To the extent that Defendant Vice seeks additional relief from this Court under 28 U.S.C. § 2255, that request is **DENIED** in accordance with 28 U.S.C. § 2244(a).

This 15th day of April, 2015.

Signed By:
*Danny C. Reeves* DCR
United States District Judge